IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| HENRY DAWKINS, | : | Case No. 1:23-cv-464 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| WEST CHESTER TOWNSHIP, et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This case is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 10) and Plaintiff's Motion for Leave to Amend the Complaint (Doc. 13). Both matters are fully briefed and ripe for review. (*See* Docs. 12, 14-16.) For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Amend the Complaint (Doc. 13) and **DENIES AS MOOT** Defendants' Motion for Judgment on the Pleadings (Doc. 10).

## BACKGROUND

On July 24, 2023, Plaintiff brought various claims against Defendants, including a claim for violating the Computer Fraud and Abuse Act ("CFAA"). (Compl., Doc. 1, ¶¶ 72-76.) On December 22, 2023, Defendants filed a Motion for Judgment on the Pleadings as to Plaintiff's Fourth Amendment and CFAA claims. (*See* Doc. 10.) Plaintiff then filed a Motion to Amend on January 29, 2024. (*See* Doc. 13.)

## LAW & ANALYSIS

I.   **Motion to Amend**

Plaintiff seeks to amend his Complaint by replacing the CFAA claim with a similar state law claim for damages for a criminal act under Ohio Revised Code § 2307.60. (Motion to Amend, Doc. 13, Pg. ID 93). Plaintiff filed his Motion to Amend on January 29, 2024—forty-five days after the deadline to amend the pleadings as set forth in the Court's scheduling order. (Motion to Amend, Doc. 13; Calendar Order, Doc. 9.)

This timing matters because a plaintiff seeking to amend his complaint after the scheduling order's deadline must satisfy both Rules 16 and 15 of the Federal Rules of Civil Procedure. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). First, a plaintiff must demonstrate "good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). The primary inquiry under this good cause standard is whether the moving party acted diligently in attempting to meet the scheduling order's deadline. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Possible prejudice to the non-moving party is also a relevant consideration. *Id.*

If a party demonstrates good cause for amending after the deadline, courts turn to Federal Rule of Civil Procedure 15. *Leary*, 349 F.3d at 909. Under this standard, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The liberal granting of amendments promotes the resolution of cases on their merits—not the technicalities of pleadings. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). In deciding a motion to amend, courts may consider such factors as "undue delay, bad faith or dilatory

2

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Viewing the circumstances as a whole, the Court finds that amendment is appropriate under Rules 16 and 15. Plaintiff explains that he initially brought the CFAA claim due to the broad language of its damages provision and the "relative obscurity of cases addressing the civil remedies contained in a primarily criminal statute." (Plaintiff's Reply, Doc. 15, Pg. ID 119.) Now, Plaintiff seeks to replace this claim with a similar state law claim. (Motion to Amend, Doc. 13, Pg. ID 93). Given the early stage of litigation, as well as the fact that such amendment would not add entirely new allegations or parties, there is minimal prejudice to Defendants. In turn, the Court finds good cause to allow Plaintiff to amend his Complaint under Rule 16. *See Inge,* 281 F.3d at 626 (explaining that plaintiff showed good cause in seeking to amend past deadline to remedy pleading deficiencies); *Manns v. PHH Mortg. Servs.*, 2023 WL 2705066, at *2-3 (S.D. Ohio Mar. 29, 2023) (highlighting lack of prejudice in allowing amendment after deadline). And, as Defendants have presented no argument to deny such relief under Rule 15, amendment is appropriate.

In the alternative, Defendants request that the Court condition amendment on Plaintiff paying for the legal fees and costs associated with preparing Defendant's Motion for Judgment on the Pleadings. (Defendants' Response, Doc. 16, Pg. ID 137.) Defendants cite *Ruschel v. Nestle Holdings, Inc.*, 89 F. App'x 518 (6th Cir. 2004), as support. In *Ruschel*, the Sixth Circuit affirmed the district court's decision to condition the filing of an

amended complaint on plaintiff's payment of defendant's attorneys' fees. *Id* at 521-522. But, the plaintiff in that case had "engaged in a continuous course of conduct to avoid confronting the merits of his action." *Id*. The same cannot be said here. This is Plaintiff's first motion to amend and it causes little prejudice to Defendants. The Court therefore permits Plaintiff to file the Amended Complaint without such conditions.

## II. Motion for Judgment on the Pleadings

The Court turns to Defendants' Motion for Judgment on the Pleadings, which relates to Plaintiff's original Complaint. (*See* Doc. 10.) As Plaintiff will soon file an Amended Complaint, any motion pertaining to the original Complaint is subject to dismissal as moot. *Wagner v. Mastiffs*, No. 09-CV-172, 2009 WL 2579431, at *3 (S.D. Ohio Aug. 17, 2009). Therefore, Defendants' Motion for Judgment on the Pleadings is denied as moot.

## CONCLUSION

For these reasons, the Court **ORDERS** the following:

1. Plaintiff's Motion for Leave to Amend the Complaint (Doc. 13) is **GRANTED**;
2. Defendants' Motion for Judgment on the Pleadings (Doc. 10) is **DENIED AS MOOT**; and
3. Plaintiff **SHALL FILE** his First Amended Complaint within seven (7) days of this Order. The Amended Complaint must contain all of Plaintiff's allegations and claims in one document. The Amended Complaint should not incorporate by reference the contents of the Complaint.

**IT IS SO ORDERED.**

By: /s/ Matthew W. McFarland

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

JUDGE MATTHEW W. McFARLAND